IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **RODNEY BRENDLE,** ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 5:08-0320** |
| ) | |
| **T.R. CRAIG, Warden,** ) | |
| **FCI Beckley,** ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 19, 2008, Petitioner, an inmate at FCI Beckley and acting *pro se,* filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACT AND PROCEDURE**

On January 12, 2004, Petitioner pled guilty in the United States District Court for the Western District of North Carolina to Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846. United States v. Brendle, Criminal No. 5:03-cr-00020 (W.D.N.C. Oct. 4, 2004). On October 4, 2004, the District Court sentenced Petitioner to a 78-month term of imprisonment to be followed by a four year term of supervised release. (Id., Document Nos. 271 and 277.) Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On May 19, 2008, Petitioner filed the instant Application alleging that the BOP violated his

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Fifth Amendment right to due process by arbitrarily denying him a sentence reduction as mandated by Congress pursuant to 18 U.S.C. § 3621(e)(2)(B) for completion of the Residential Drug Abuse Treatment Program [RDAP]. (Document No. 1.) Petitioner contends that the BOP improperly considered and classified his prior misdemeanor offense, assault with a deadly weapon, as crime of violence. (Id., pp. 2 - 5.) Specifically, Petitioner states as follows:

> Petitioner argues that the construing of a "misdemeanor" into a "felony" by legal reviewer Debbie Stevens, by using the F.B.I. definition 924(c)(3)(A)-(B): "defines a crime of violence" as a felony that has an element the use, attempted use or threatened use of physical force against the person or property of another, or ...."
> In which the said violation of a misdemeanor offense is "assault with a deadly weapon" (Ref: Exhibit Section A) and Petitioner received a sanction of a 30 day suspended jail sentence and 24 months unsupervised probation. This being the arbitrary decision.
> Thereby, Petitioner is challenging the fact in that a "misdemeanor" is not a "felony" and, thus, not a "crime of violence" to lawfully deem the Petitioner "ineligible" for the reduction of time upon successfully completing the R.D.A.P. 500 hour program.
> Thus, Petitioner also argues, that the decision of the construing of law made by Debbie Stevens is in direct violation of Title 5 U.S.C.A. 706(2)(A) due to the facts such a decision is arbitrary and capricious on the ground that (1) a misdemeanor cannot by, by no definition lawfully made a felony, and (2) a "domestic relation" violation in the State of North Carolina is by no means a "violent crime."
> Also Petitioner challenges the Bureau of Prisons construing of Title 18 U.S.C.A. Section 3621(e)(2)(B) as in violation of Title 5 Section 706(2)(C), i.e. in excess of statutory authority, by using past sanctions/convictions so as to deem one ineligible for the time reduction pursuant to 18 U.S.C.A. Section 3621(e)(2)(B) statement: "The period a prisoner convicted of a nonviolent offense...." And, due to the fact that the Bureau of Prisons Program State 5162.04 on page 9 (Ref: Exhibits Section d) which states: "inmates whose current offense is a felony that:"

(Id., pp. 3 - 4.) Therefore, Petitioner requests that the Court determine that he is eligible for early release. (Id., p. 4.)

## ANALYSIS

*Habeas* relief under 28 U.S.C. § 2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). To prevail on his claim that he was arbitrarily denied a sentence reduction after completing RDAP, Petitioner must show that he is statutorily entitled to be considered by the BOP for a sentence reduction under 18 U.S.C. § 3621(e).

### 1. Nonviolent Offense:

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

> **(2) Incentive for prisoner's successful completion of treatment program. - -**
>
> **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
> **(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an

3

inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. See 28 C.F.R. § 550.58. Title 28, C.F.R. § 550.58, provides in part that "[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses" are ineligible for early release consideration. 28 C.F.R. § 550.58(a)(1)(iv).[2] Accordingly, 28 C.F.R. § 550.58 precludes any inmate

---

[2] Title 28, C.F.R. § 550.58 sets forth in part, the following eligibility requirements:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.
    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
        (i) INS detainees;
        (ii) Pretrial inmates;
        (iii) Contractual boarders (for example, D.C., State, or military inmates);
        (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
        (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
        (vi) Inmates whose current offense is a felony:
            (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
            (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
            (C) That by its nature or conduct presents a serious potential risk of physical force against the person or property of another, or
            (D) That by its nature or conduct involves sexual abuse

convicted of aggravated assault from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

Although Petitioner contends that the BOP did not have authority to classify his assault conviction as a "crime of violence" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define " a nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.58 (1997) represents a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Id. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a

---

offenses committed upon children.
\* \* \*
(3) An inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if:
    (i) The inmate completes all applicable transitional services program in a community-based program (i.e., in a Community Corrections Center or on home confinement); and
    (ii) Since completion of the program, the inmate has not been found to have committed a level 100 prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs.

28 C.F.R. § 550.58.

5

statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v. Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as

expressed in 28 C.F.R. § 550.58 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . . *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the Chevron analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who have prior felony or misdemeanor convictions for aggravated assault should not be rewarded with early release. Therefore, the undersigned finds that 28 C.F.R. § 550.58 (1997) represents a reasonable interpretation of Section

3621(e).

To the extent Petitioner is claiming that Respondent abused his discretion by finding that Petitioner's misdemeanor conviction of assault with a deadly weapon disqualified Petitioner from early release under 28 C.F.R. § 550.58, the undersigned finds his claim to be without merit. Under 28 C.F.R. § 550.58, inmates who have a prior felony or misdemeanor conviction for aggravated assault are ineligible for early release. The FBI's Uniform Crime Reports defines aggravated assault as "an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury."[3] Petitioner's prior offense involved him "striking the victim four times with his vehicle as she was driving her vehicle down the highway." (Document No. 1, p. 8.) Respondent determined that Petitioner's prior conviction for assault with a deadly weapon qualified as a conviction for aggravated assault as set forth in 28 C.F.R. § 550.58(a)(1)(iv). Thus, Respondent determined that Petitioner was ineligible for early release consideration. The undersigned finds that Respondent was properly acting within his broad discretionary authority pursuant to Section 3621(e) and 28 C.F.R. § 550.58, in determining that Petitioner's prior conviction for assault with a deadly weapon rendered him ineligible for early release. See Redmon v. Wiley, 2008 WL 2572109 (D.Colo. Jun. 25, 2008)(finding that petitioner did not qualify for early release based upon his prior conviction for aggravated battery); Dotson v. Eichenlaub, 2008 WL 362771 *2 (E.D.Mich. Feb. 11, 2008)(holding that petitioner was ineligible for early release based upon his prior misdemeanor conviction for pointing a BB gun at another person, which constituted aggravated assault under 28 C.F.R. § 550.58); Sisneros v. Anderson, 2007 WL 3512647 *2 (D.Minn. Nov. 14, 2007)(finding that "the BOP's decision not to release

---

[3] The BOP generally assesses an inmate's qualification for early release based upon the title of their offense. If the title of the offense is not dispositive, the BOP compares the elements of the state offense to those of the FBI's Uniform Crime Reports.

petitioner early, based on his prior conviction for assault and battery with a deadly weapon, was proper"); Dawkins v. Reno, 130 F.Supp.2d 740, 741 (E.D.N.C. 2000)(holding that "Petitioner's previous conviction of armed robbery falls within the classification of a violent crime, and the Petitioner has correctly been precluded from eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B)"). Accordingly, Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed.

### 2. **Right to Early Release:**

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(*quoting* Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary

incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez v. Davis, 531 U.S. 230, 232, 121 S.Ct. 714, 718, 148 L.Ed.2d 635 (2001). The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[4] See Lopez v. Davis, 531 U.S. 230, 240,

---

[4] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001)(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards

limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[5] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Furthermore, the BOP's determination that Petitioner is ineligible for early release does not constitute an "atypical and significant hardship" on Petitioner in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. at 482, 115 S.Ct. at 2299; Franklin v. District of Columbia, 163 F.3d 625, 634-35 (D.C. Cir. 1998)(Issues of housing and transfers are issues which occur within the "day-to-day management of prisons."). Because nothing in the record indicates that Petitioner's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship, the undersigned finds that Petitioner has failed to demonstrate a due process violation. Accordingly, Petitioner does not possess a constitutionally protected interest in early release.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

---

[5] Even if Petitioner completes the RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. See 18 U.S.C. § 3621(e)(2)(B).

a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: March 17, 2009.

R. Clarke VanDervort
United States Magistrate Judge